IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS MARINGO, a/k/a DENNIS | § | |
| DAVID MARINGO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0403 |
| | § | |
| ERICA J. McGUIRK, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Denis Maringo, a/k/a Dennis David Maringo, an immigration detainee and citizen of

Tanzania in custody of the United States Immigration and Customs Enforcement – Houston

Field Office, files this complaint alleging violations of his civil rights.  Plaintiff proceeds *pro*

*se* and requests leave to proceed *in forma pauperis*.  The threshold question is whether

plaintiff's claims should be dismissed as frivolous and for failure to state a claim.  The Court

concludes that this lawsuit is frivolous and fails to state a claim, and should be dismissed for

the reasons that follow.

### I.   Factual Allegations and Claims for Relief

Plaintiff asserts that commencing in July, 2006, Erica J. McGuirk, an attorney with

the Department of Homeland Security, and McGuirk's ghost, "the reincarnated Jezebel

Princess of Evil," interfered with plaintiff's happiness and enjoyment of sleep.  According

to plaintiff, McGuirk and her ghost exposed themselves to him at night and while he was

showering, and sexually harassed him by "forcing [him] to watch or participate."  They also

forced him to read "weird and spooky" books and listen to paranormal radio talk shows. Plaintiff states he is the reincarnation of biblical characters being tempted by wicked spirits, and that his detention is part of a large plan to save mankind.

He further asserts that immigration officials placed him in a single-person cell so they can kill him by poisoning his food, and that they encourage McGuirk and her ghost to harass him. He complains that because they refuse to allow him access to the law library's typewriters, he has to manually write his legal materials. Plaintiff admits that detention psychologists have diagnosed him as paranoid schizophrenic with auditory hallucinations, but claims the medical reports are biased and false.

Plaintiff requests injunctive relief to prevent further sexual harassment by McGuirk and her ghost, and to stop them from bringing him scary books or appearing with "Santa Claus hats" and "wings and horns with shaggy black feathers." He also requests that he be returned to the general population, and that he have regular access to the law library and typewriters.

## II. Analysis

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A finding of factual frivolousness is appropriate when the claims describe fanciful, fantastic, or delusional scenarios, or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff's allegations against McGuirk and her ghost are fanciful, fantastic, and delusional scenarios lacking an arguable basis in fact. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Therefore, these claims will be dismissed with prejudice as frivolous and for failure to state a claim. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

Plaintiff's allegation that detention officials moved him to a single-person cell in order to poison and kill him is another delusional scenario lacking an arguable basis in fact. In his complaint filed in *Maringo v. Gonzales*, C.A. 06-cv-3385 (S.D. Tex.), plaintiff states that in June 2006, he requested to remain in a single-person cell in order to have unfettered television access for sporting events. Detention officials, however, returned him to the general population "for no reason," until he was sent to a single-person cell for his homicide threats against an officer. Regardless, to any extent he now complains that his confinement in a "lock down" cell since January 19, 2007 impinges upon a protected liberty interest, he has no constitutionally-protected right to placement in the general population. *See, e.g.*,

3

*Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). To the extent he claims that his confinement in a "lock down" cell since January 19, 2007 constitutes cruel and unusual punishment, he fails to raise an issue of constitutional dimension. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996).

Plaintiff's complaint that he is unable to access law library typewriters lacks any arguable basis in law and will be dismissed as frivolous. *See Sprouse v. Moore*, 476 F.2d 995 (5th Cir. 1973). Regardless, a review of plaintiff's other pending litigation[1] reveals his recent filing of typewritten and handwritten *pro se* pleadings in those cases. To the extent plaintiff asserts a claim for lack of access to courts, his pleadings fail to establish that defendants intentionally deprived him of access to the courts or that he suffered any injury as a result of limited access to the law library. *See Lewis v. Casey*, 518 U.S. 343, 350-52 (1996); *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998).

Plaintiff also alleges that he has been confined to the "lock down" cell since January 19, 2007 in retaliation for his grievances about McGuirk and her ghost. Plaintiff enjoys no constitutionally-protected right to file frivolous grievances based on his delusional scenario that a federal attorney and her ghost are sexually taunting him in detention at night and while showering, and forcing him to read scary books and listen to paranormal radio talk shows. The Fifth Circuit recognizes that "neither any frivolous filings nor secondary litigation

---

[1] *United States of America v. Maringo*, C.A. 4:05-cr-0129 (S.D. Tex.); *Maringo v. Gonzales*, C.A. 4:06-cv-3385 (S.D. Tex.); *Maringo v. Gonzales*, C.A. 4:06-cv-3397 (S.D. Tex.); *Maringo v. Gonzales*, No. 07-20029 (5th Cir. 2007).

activity . . . may comprise the basis of a retaliation claim." *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).  In applying this principle to administrative grievances, the Court is guided by the Fifth Circuit's opinion in *Brown v. Craven*, 106 Fed. Appx. 257, 257 (5th Cir. 2004), holding that, "Because [petitioner's] threatened grievance would have been frivolous, it may not be the basis of a retaliation claim."  Plaintiff's retaliation claim will be dismissed with prejudice as frivolous and for failure to state a claim.

### III.  Conclusions

For the above reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(B), this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED AS MOOT**.

The Clerk will provide copies to the parties and to the Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention:  Inmate Three-Strike List Manager.

Signed at Houston, Texas, on this the 2nd day of February, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5